UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
――――――――――――――――――――――――X
ALEX PALACIOS,

                  Plaintiff,          **AMENDED COMPLAINT**

   -against-                         PLAINTIFF DEMANDS
                                                     TRIAL BY JURY
THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL GREANEY, Shield #20646, POLICE
OFFICER FRANK MONGE, Shield #27984, DET.       15-CV-0386
JOSE CHEVERE, SHIELD 1505, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                 Defendants.
――――――――――――――――――――――――X

      Plaintiff ALEX PALACIOS, for his complaint, by his attorney DAVID A. ZELMAN, upon information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

This is a civil rights action in which Plaintiff ALEX PALACIOS (hereinafter "PALACIOS" or "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about May 22, 2014, PALACIOS was falsely arrested by employees of the City of New York, including but not limited to POLICE OFFICER MICHAEL GREANEY, Shield #20646, POLICE OFFICER FRANK MONGE, Shield #27984, DET.JOSE CHEVERE, SHIELD 1505, POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10 As a result of the violation of his constitutional rights, PALACIOS suffered physical and mental injuries.

## II. JURISDICTION

1.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.  This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

2. PALACIOS at all times relevant hereto resided in Kings, NY.

3. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

4. Defendant POLICE OFFICER MICHAEL GREANEY, Shield #20646, (hereinafter "GREANEY") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.  GREANEY is sued in his official and individual capacity.

5. Defendant POLICE OFFICER FRANK MONGE, Shield #27984, (hereinafter "MONGE") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.  MONGE is sued in his official and individual capacity.

6. Defendant  DETECTIVE JOSE CHEVERE, Shield #1505, (hereinafter "CHEVERE") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.  CHEVERE is sued in his official and individual capacity

7. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents,

servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

8. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### IV. FACTS

9. On or about May 22, 2014, at approximately 7:00 a.m., Defendants, including but not limited to GREANEY, approached PALACIOS at his place of work and arrested him.

10. PALACIOS was placed in a plain black car by Defendants, and driven around for approximately four (4) hours before being transported to the 40th Precinct

11. At the precinct, PALACIOS was questioned by Defendants, including but not limited to MONGE and/or CHEVERE.

12. Upon information and belief, CHEVERE took a description from the victim and composed a computerized photo array of possibly hundreds of photos of random black Hispanic males.

13. CHEVERE was aware that the victim was unable to adequately describe her attacker by age or other physical characteristics. However, CHEVERE knew that the victim described her attacker as 6',1". Nonetheless, CHEVERE showed random of photos of possible suspects, one or more of which was 5',6", some seven inches shorter than the attacker described by the victim.

14. The victim was unsure of the identification and informed CHEVERE that she was uncertain if the person in the photo she saw was in fact her attacker, however, she felt his face might resemble the attacker. Upon belief, it appears that the victim was not informed of the height of the persons in the photo array as the photos are simply facial photos. Nonetheless, CHEVERE affirmatively misrepresented the victim's statements and simply wrote that the victim said that the person she identified attacked her. The victim was then asked to circle the plaintiff's picture and sign it which she apparently did. The victim is apparently not fluent in English and it is not clear at this stage what efforts were made to accommodate her lack of English.

15. PALACIOS requested medical treatment, but the request was denied by Defendants.

16. PALACIOS was held at the precinct for approximately twelve (12) hours before being transported to Central Booking.

17. PALACIOS was held at Central Booking for approximately 24 hours before being released.

18. Upon information and belief, no charges were ever filed against PALACIOS in this matter.

19. That heretofore and on the 4th day of August, 2014, PALACIOS's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of PALACIOS, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

20. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

V. <u>FIRST CAUSE OF ACTION</u>
Pursuant to § 1983 (FALSE ARREST)

21. Paragraphs 1 through 20 of this complaint are hereby realleged and incorporated by reference herein.

22. That Defendants had neither valid evidence for the arrest of PALACIOS nor legal cause or excuse to seize and detain him.

23. That in detaining PALACIOS without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. PALACIOS was but one of those persons.

24. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

26. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of PALACIOS's rights alleged herein.

27. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of PALACIOS's rights, subjected PALACIOS to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

28. By reason of the foregoing, PALACIOS suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VI.  SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

29. Paragraphs 1 through 28 are hereby realleged and incorporated by reference herein.

30. That the seizure, detention and imprisonment of PALACIOS was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

31. That Defendants intended to confine PALACIOS.

32. That PALACIOS was conscious of the confinement and did not consent to it.

33. That the confinement was not otherwise privileged.

34. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of GOMEZ's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

35. That by reason of the foregoing, PALACIOS suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

36. Paragraphs 1 through 35 are hereby realleged and incorporated by reference herein.

37. That Defendants failed to intervene when Defendants knew or should have known that PALACIOS's constitutional rights were being violated.

38. That Defendants had a realistic opportunity to intervene on behalf of PALACIOS, whose constitutional rights were being violated in their presence.

39. That a reasonable person in the Defendants' position would know that PALACIOS's constitutional rights were being violated.

40. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of PALACIOS's rights, deprived PALACIOS of his liberty when they failed to intervene to protect him from Defendants' violation of PALACIOS's civil rights pursuant to Fourteenth Amendment of the United States Constitution.

41. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of civil rights by police officers. Thus, as a result of the above described policies and customs, PALACIOS was not protected from Defendants' unconstitutional actions.

42. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents

and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

43. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of PALACIOS's rights alleged herein.

45. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

46. That by reason of the foregoing, PALACIOS suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII.  FOURTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

47. Paragraphs 1 through 46 are hereby realleged and incorporated by reference herein.

48. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

49. That at all times Defendants were acting within the scope of their employment.

50. That Defendant CITY was able to exercise control over Defendants activities.

51. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, PALACIOS suffered physical injuries, mental

injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

52. Paragraphs 1 through 51 are hereby realleged and incorporated by reference herein.

53. That Defendants had no legal cause nor excuse to detain Plaintiff for a prolonged period prior to arraignment.

54. That Defendants detained Plaintiff excessively prior to arraignment in violation of Plaintiff's civil rights.

55. That Defendants detained Plaintiff with ill will and/or negligently.

56. That Defendants should have expeditiously investigated this matter and released Plaintiff.

57. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

58. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

59. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

60. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby

failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

61. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

62. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

63. That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiff for an excessive period of time prior to arraignment.

64. By reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

65. Paragraphs 1 through 64 are hereby realleged and incorporated by reference herein.

66. Defendants negligently and/or intentionally failed to arraign Plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

67. Said failure to promptly arraign Plaintiff caused his arrest to be void ab initio.

68. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF MEDICAL TREATMENT)

69. Paragraphs 1 through 68 are hereby realleged and incorporated by reference herein.

70. While PALACIOS was detained in Defendants' custody prior to trial, Defendants attempted to deny access to medical care needed to remedy a serious medical condition.

71. Defendants attempted to deny needed medical care to PALACIOS because of deliberate indifference to PALACIOS's need therefor.

72. By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of PALACIOS's rights, deprived PALACIOS of his liberty when it attempted to deny him medical care while PALACIOS was in its custody, in violation of his due process rights pursuant to the Fourteenth Amendment of the United States Constitution and the laws of the State of New York.

73. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

74. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of denying medical care to pre-trial detainees in its custody.

75. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

76. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

77. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of PALACIOS's rights alleged herein.

78. That Defendant, through its officers, agents and employees, unlawfully attempted to deny PALACIOS medical care while he was in its custody.

79. By reason of the foregoing, PALACIOS suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## XII.  EIGHTH CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL INVESTIGATORY DETENTION)

80. Paragraphs 1 through 79 of this complaint are hereby realleged and incorporated by reference herein.

81. That Defendants stopping and arresting PALACIOS constituted a seizure.

82. That Defendants had neither valid evidence nor legal cause or excuse to seize and detain PALACIOS.

83. That in detaining PALACIOS without reasonable suspicion that criminal activity had occurred or was about to occur, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely stopped persons without reasonable suspicion of criminal activity. PALACIOS was but one of those persons.

84. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing

to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

85. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

86. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of PALACIOS' rights alleged herein.

87. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of PALACIOS' rights, subjected PALACIOS to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

88. By reason of the foregoing, PALACIOS suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XIII.  NINTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL INVESTIGATORY DETENTION)

89. Paragraphs 1 through 88 are hereby realleged and incorporated by reference herein.

90. That Defendants stopping and arresting PALACIOS constituted a seizure.

91. That the seizure of PALACIOS was unlawful in that Defendants had no reasonable suspicion to detain him.

92.   That Defendants lacked reasonable suspicion that PALACIOS committed a crime or was about to commit a crime.

93.   That PALACIOS' actions prior to being stopped by Defendants were innocuous and readily susceptible of an innocent interpretation.

94.   By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of PALACIOS' rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

95.   That by reason of the foregoing, PALACIOS suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, PALACIOS has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, PALACIOS respectfully requests that judgment be entered:

1.   Awarding PALACIOS compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding PALACIOS punitive damages in an amount to be determined by a jury;

3.   Awarding PALACIOS interest from May 22, 2014;

4. Awarding PALACIOS reasonable attorney's fees pursuant to 42 USC § 1988;

and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
August 14, 2016

/S
_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072