UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x

ALEX PALACIOS,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL GREANEY, Shield #20646, POLICE OFFICER FRANK MONGE, Shield #27984, DET. JOSE CHEVERE, SHIELD 1505, POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                              Defendants.

------------------------------------------------------ x

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

15 Civ. 386 (PAE)

        Defendants City of New York, Michael Greaney, Frank Monge and Jose Chevere, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, hereby submit this statement pursuant to Local Civil Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, to set forth material facts as to which they contend there are no genuine issues to be tried.

### **Plaintiff's May 5, 2011 Summons and Bench Warrant on a Separate Matter**

        1.      On May 5, 2011, at approximately 8:55 p.m., plaintiff received a summons in the Bronx, NY for an administrative code violation for being "in park after dusk." (Joint Stipulated Facts, dated January 23, 2017 ("J.S.F."), annexed to the Declaration of Philip S. Frank ("Frank Decl.") as Exhibit "A," at ¶ 1).

        2.      The summons instructed plaintiff to appear in the Bronx County Criminal Court Summons Part on July 12, 2011. (Id. at ¶ 2).

3. According to court records, plaintiff did not appear in Court on July 12, 2011, and a bench warrant was issued for plaintiff's arrest. (Id. at ¶ 3).

4. Plaintiff did not appear in Court on July 12, 2011. (Id.; Plaintiff's deposition taken on May 10, 2016 ("Plaintiff Dep."), annexed to Frank Decl. as Exhibit "B," at p. 54:2 – 54:8).

5. Plaintiff testified at his deposition that he failed to ever appear in criminal court for the summons because he "forgot about it." (Plaintiff Dep., Frank Decl., Ex. B at p. 54:2 – 54:8).

6. According to court records, the summons was dismissed on July 13, 2011 and the warrant issued on July 12, 2011 was vacated on July 13, 2011. (J.S.F., Frank Decl., Ex. A at ¶¶ 4-5).

7. Plaintiff's summons case had a docket number of 2011SX047660. (Id. at ¶ 6).

**Plaintiff's Bench Warrant in the NYPD Automated Database for Warrants**

8. The Automated Database for Warrants ("ADW") is a New York City Police Department ("NYPD") database for warrants. (J.S.F., Frank Decl., Ex. A at ¶ 15; Affidavit of Detective John Sabino, dated February 7, 2017 ("Sabino Aff."), annexed to Frank Decl. as Exhibit "C").

9. The New York State Office of Court Administration ("OCA") uses a database for warrants that is called the Criminal Records and Information Management System ("CRIMS"). (Sabino Aff., Frank Decl., Ex. C).

10.     When the Office of Court Administration (hereinafter "OCA") updates warrant information in CRIMS, this updated information is automatically fed into ADW. (Sabino Aff., Frank Decl., Ex. C).

11.     On July 13, 2011, the bench warrant issued against plaintiff Alex Palacios under docket number 2011SX047660 by OCA was added to ADW.  This same warrant was then cancelled by OCA, and thus removed from ADW, on June 16, 2015.  However, when cancelling this warrant, OCA advised that the cancellation date was July 13, 2011.  (Sabino Aff., Frank Decl., Ex. C; NYPD ADW Query Page and Warrant History Page for Plaintiff's Warrant under Docket Number 2011SX047660 ("ADW Query Page and Warrant History"), annexed to Sabino Aff.).

12.     Although plaintiff's bench warrant under docket number 2011SX047660 was vacated on July 13, 2011, ADW was not updated by OCA to reflect this until June 16, 2015, more than one year after plaintiff's arrest on May 22, 2014.  (Id.)

### **Complaining Victim's July 13, 2012 Statements to Police about Her Assailant**

13.     On July 13, 2012, a complaining victim told police that she had been the victim that day of an assault and attempted robbery as she entered her building located at 795 East 151st Street, Bronx, NY.  The complaining victim told police that the perpetrator had attempted to steal her chain from around her neck and punched her in the face. (J.S.F., Frank Decl., Ex. A at ¶ 7).

14.     Defendant Detective Chevere interviewed the complaining victim inside the 40th Precinct Detective Squad in the Bronx on the date of the attempted robbery. (Id. at ¶ 8).

15.     According to the NYPD Mugshot Photo Viewing Report completed by Detective Chevere on July 13, 2012, the date of the attempted robbery, the complaining victim

described the perpetrator to Detective Chevere as, *inter alia*, a male Black Hispanic, 18 to 25 years old and in the height range of 5'8" to 6'0". (NYPD Mugshot Photo Viewing Report completed by Detective Chevere, dated July 13, 2012 ("Mugshot Photo Viewing Report"), annexed to Frank Decl. as Exhibit "D;" Defendant Detective Jose Chevere's deposition taken on September 14, 2016 ("Chevere Dep."), annexed to Frank Decl. as Exhibit "E," at p. 30:8 – 30:16).

16.     According to the NYPD Complaint Follow-Up Informational Report completed by Detective Chevere, dated July 14, 2012, the complaining victim on the date of the attempted robbery described the perpetrator to Detective Chevere as, *inter alia*, a male Black Hispanic, approximately 5'8" to 6'0", 18 to 25 years old and having a slim build. (NYPD Complaint Follow-Up Informational Report No. 1 completed by Detective Chevere, dated July 14, 2012 ("Complaint Follow-Up No. 1"), annexed to Frank Decl. as Exhibit "F").

17.     The complaining victim testified at her deposition that she told police that the perpetrator was a black Hispanic male, 18 to 25 in age, and in the height range of 5'8" to 6'0". (Complaining Victim's deposition taken on December 13, 2016 ("Victim Dep."), annexed to Frank Decl. as Exhibit "G," at p. 81:15 – 81:23).

18.     The complaining victim told defendant Detective Chevere on the date of the attempted robbery that the perpetrator was a black Hispanic male, 18 to 25 in age, and in the height range of 5'8" to 6'0". (Id.; Mugshot Photo Viewing Report, Frank Decl., Ex. D; Chevere Dep., Frank Decl., Ex. E at p. 30:8 – 30:16; Complaint Follow-Up No. 1, Frank Decl., Ex. F).

19.     The NYPD Omniform System Complaint Report states that the perpetrator of the attempted robbery was 6'0" in height. (NYPD Omniform System Complaint Report ("Complaint Report"), annexed to Frank Decl. as Exhibit "H").

**Complaining Victim's Identification of Plaintiff's Mugshot as the Assailant**

20. On July 13, 2012, the date of the attempted robbery, the complaining victim viewed mugshot photographs from the NYPD PhotoManager system. Detective Chevere administered the mugshot photograph viewing by the complaining victim. (J.S.F., Frank Decl., Ex. A at ¶ 9).

21. Detective Chevere used the physical description provided by the complaining victim of her assailant – including, *inter alia*, that he was a male Black Hispanic, 18 to 25 years old, and in the height range of 5'8" to 6'0" – as the criteria for the mugshot photograph viewing in the NYPD PhotoManager system. (Mugshot Photo Viewing Report, Frank Decl., Ex. D; Chevere Dep., Frank Decl., Ex. E at pp. 30:8 – 37:12; NYPD Complaint Follow-Up Informational Report No. 2 completed by Detective Chevere, dated July 14, 2012 ("Complaint Follow-Up No. 2"), annexed to Frank Decl. as Exhibit "I").

22. Detective Chevere entered a range of heights from 5'8" to 6'0" into the NYPD PhotoManager system. (J.S.F., Frank Decl., Ex. A at ¶ 10).

23. The complaining victim alerted Detective Chevere to a mugshot photograph of plaintiff. (Id. at ¶ 13).

24. The complaining victim testified at her deposition that on the date of the assault she viewed photographs inside the 40th Precinct, that she identified a photograph of the person who had assaulted her, and that she told police that the photograph was of the person who had assaulted her. (Victim Dep., Frank Decl., Ex. G at pp. 42:2 – 46:18)

25. The complaining victim testified at her deposition that, when an officer asked her if she was sure that the photograph she selected was a photograph of the person who had assaulted her, she responded to the officer "yes," she was sure. (Id.)

26. The photograph that the complaining victim identified to police on July 13, 2012 as the person who had assaulted her that day was a mugshot photograph of the plaintiff. (Id. at pp. 46:24 – 51:1; NYPD Mugshot Review and Lineup and NYPD Mugshot of Plaintiff NYSID # 01449479K ("Mugshot Review and Lineup and Plaintiff Mugshot"), which is Exhibit A for Identification at the December 13, 2016 Deposition of the Complaining Victim, annexed to Frank Decl. as Exhibit "J").

27. On July 13, 2012, after selecting the photograph of the plaintiff as the person who had assaulted her, the complaining victim signed her name next to two mugshot photographs of the plaintiff. (Id.).

28. The complaining victim identified a mugshot photograph of plaintiff to Detective Chevere as the perpetrator of the attempted robbery. (Id.; Chevere Dep., Frank Decl., Ex. E at pp. 37:13 – 40:9; Complaint Follow-Up No. 2, Frank Decl., Ex. I).

29. Specifically, the complaining victim pointed to a mugshot photograph of the plaintiff and told Detective Chevere that's him, "That's the guy that tried to take my chain and punched me." (Mugshot Photo Viewing Report, Frank Decl., Ex. J; Chevere Dep., Frank Decl., Ex. E at pp. 37:13 – 40:9).

30. The complaining victim told Detective Chevere that she was certain that the plaintiff was the perpetrator of the attempted robbery. (Victim Dep., Frank Decl., Ex. G at pp. 42:2 – 46:18; Chevere Dep., Frank Decl., Ex. E at pp. 37:13 – 40:9).

**Detective Greaney's May 20, 2014 Computer Check Showing a Warrant**

31. On May 20, 2014, at approximately 2:30 p.m., two days before plaintiff's arrest on May 22, 2014, defendant Detective (then a Police Officer) Greaney conducted a

number of computer checks pertaining to plaintiff Alex Palacios. (J.S.F., Frank Decl., Ex. A at ¶¶ 14, 17).

32. One such computer check conducted by Detective Greaney was on a database called "ADW," which stands for Automated Database for Warrants. The ADW database is an NYPD database for warrants. (Id. at ¶ 15).

33. According to Detective Greaney, the ADW computer check conducted by Detective Greaney on May 20, 2014 indicated that there was an active warrant for plaintiff's arrest. (Id. at ¶ 16).

34. The ADW computer check conducted by Detective Greaney on May 20, 2014 indicated that there was one active warrant, number B2011303995, for plaintiff's arrest. (Id.; Sabino Aff., Frank Decl., Ex. C; ADW Query Page and Warrant History, Sabino Aff.; Declaration of Michael Greaney, dated February 7, 2017 ("Greaney Decl.") annexed to Frank Decl. as Exhibit "K"; NYPD Complaint Follow Up Informational Report -- F.E.D. Comp Checks completed by Detective Greaney, dated May 20, 2014 ("Complaint Follow Up Informational Report -- F.E.D. Comp Checks"), annexed to Frank Decl. as Exhibit "L").

35. On May 20, 2014, at approximately 2:30 p.m., Detective Greaney entered the information from the ADW computer check into the NYPD Complaint Follow Up Informational Report F.E.D. Comp Checks. (Greaney Decl., Frank Decl., Ex. K; Complaint Follow Up Informational Report -- F.E.D. Comp Checks, Frank Decl., Ex. L).

36. In the course of his duties as an NYPD Detective, defendant Detective Greaney regularly completes Complaint Follow Up Informational Reports to indicate his investigation and case activities in a case. (Greaney Decl., Frank Decl., Ex. K).

### Plaintiff's May 22, 2014 Arrest and Transport to the 40th Precinct

37. On May 22, 2014, at approximately 7:10 a.m., Detective Greaney arrested plaintiff inside of 30 Waterside Plaza, New York, NY. (J.S.F., Frank Decl., Ex. A at ¶ 17)

38. Defendant Detective Greaney and other officers transported plaintiff to the 40th Precinct Detective Squad, where plaintiff arrived at approximately 9:53 a.m. (Id. at ¶ 18)

39. Officers from the 40th Precinct Detective Squad took custody of plaintiff from Detective Greaney. (Id. at ¶ 19)

40. Defendant Detective Greaney had no further involvement in plaintiff's arrest and/or detention once Officers from the 40th Precinct Detective Squad took custody of plaintiff at approximately 9:36 a.m. on May 22, 2014. (Greaney Decl., Frank Decl., Ex K).

### Detectives' Investigation/Bronx County D.A.'s Office Declines to Prosecute

41. According to the Bronx County District Attorney's ("D.A.'s") Office Affidavit in Support of Declining/Deferring Prosecution, on May 22, 2014, Detective Chevere contacted the complaining victim. The complaining victim stated, in sum and substance, to Detective Chevere that, "It's been a long time, and I probably won't be able to identify the guy. I don't want to waste the time." (J.S.F., Frank Decl., Ex. A at ¶ 20).

42. According to defendant Detective Monge, he received by fax from the D.A's Office the Affidavit in Support of Declining/Deferring Prosecution, indicating that the D.A's Office would not prosecute plaintiff for the robbery charge. (Id. at ¶ 21).

43. The D.A.'s Office Affidavit in Support of Declining/Deferring Prosecution is dated May 22, 2014 at 7:47 p.m. (Bronx County District Attorney's Office Affidavit in Support of Declining/Deferring Prosecution, dated May 22, 2014 ("D.A. Affidavit in Support of Declining/Deferring Prosecution"), annexed to Frank Decl. as Exhibit "M").

44. The Bronx County DA's Office declined to prosecute plaintiff. (Id.).

45. The reason given by the Bronx County DA's Office to decline to prosecute plaintiff was due to lack of cooperation from the complainant. (Id.).

46. On May 22, 2014, at approximately 12:52 p.m., while plaintiff was in custody at the 40th Precinct Detective Squad, Detective Monge checked the ADW database for any warrants for plaintiff and learned that plaintiff had an outstanding warrant. (Sabino Aff., Frank Decl., Ex. C; ADW Query Page and Warrant History, annexed to Sabino Aff.; Defendant Detective Frank Monge's deposition taken on December 19, 2016 ("Monge Dep."), annexed to Frank Decl. as Exhibit "N," at pp. 31:8 – 32:17).

### **Bronx Central Booking**

47. On May 22, 2014, at approximately 7:00 p.m., plaintiff was transported from the 40th Precinct to Bronx Central Booking, and plaintiff arrived at Bronx Central Booking intake at approximately 7:51 p.m. (J.S.F., Frank Decl., Ex. A at ¶ 22).

48. According to the NYPD Online Prisoner Arraignment ("O.L.P.A.") form, on May 23, 2014, at approximately 8:37 a.m., another warrant check was done for plaintiff. (Id. at ¶ 23; O.L.P.A. form annexed to Frank Decl. as Exhibit "O").

49. According to the O.L.P.A. form, on May 23, 2014, at approximately 8:37 a.m., another warrant check was done for plaintiff, indicating that he had a warrant under Docket Number 2011SX047660, the same docket number for plaintiff's May 5, 2011 summons. (Id.).

50. On May 23, 2014, at approximately 8:26 a.m., PAA Harper at Bronx Central Booking conducted a warrant check for plaintiff, indicating that he had an active warrant under Docket Number 2011SX047660. (Id.; Sabino Aff., Frank Decl., Ex. C; ADW Query Page and Warrant History, Sabino Aff.).

51. Plaintiff was detained from approximately 7:10 a.m. on May 22, 2014 until his release on May 23, 2014 at 11:45 p.m., a total detention time of approximately 40 hours 35 minutes.  (J.S.F., Frank Decl., Ex. A at ¶ 25).

52. Plaintiff was held in custody for approximately 28 hours after defendant Detective Monge was made aware that plaintiff would not be prosecuted by the DA's Office on the robbery charge.  (Id. at ¶ 26).

53. On May 23, 2014 at approximately 11:45 p.m., plaintiff was released from custody at Bronx Central Booking.  (Id. at ¶ 24).

54. According to the NYPD O.L.P.A. form, on May 23, 2014, at approximately 11:51 p.m., it was determined that the warrant was vacated.  (O.L.P.A. form, Frank Decl., Ex. O).

**Procedural History**

55. On or about August 14, 2016, plaintiff filed an Amended Complaint as against defendants City of New York ("City"), Michael Greaney, Frank Monge and Jose Chevere.  (Docket Entry No. 34; Amended Complaint, dated August 14, 2016, annexed to Frank Decl. as Exhibit "P").

56. The Amended Complaint brought the following nine causes of action against defendants: (1) false arrest (federal claim); (2) false arrest (state law claim); (3) failure to intervene (federal claim); (4) respondeat superior as against defendant City only (state law claim); (5) excessive pre-arraignment detention (federal claim); (6) pre-arraignment delay (state law claim); (7) denial of medical treatment (federal claim); (8) illegal investigatory detention (unlawful stop) (federal claim); and (9) illegal investigatory detention (unlawful stop) (state law

claim). The Amended Complaint also brought a federal claim of municipal liability pursuant to 42 USC § 1983 as against defendant City. (Id. at pp. 5-14).

    57. By Court Order, dated January 3, 2017, "all 42 U.S.C. § 1983 claims against defendant City of New York, namely the municipal liability allegations in Counts 1, 3, 5, 7, and 8 of the amended complaint, Dkt. 34, are dismissed with prejudice. Further, Count 7 of the amended complaint," plaintiff's federal claim of denial of medical treatment, "is dismissed in its entirety." (Court Order, dated January 3, 2017, Docket Entry No, 69, annexed to Frank Decl. as Exhibit "Q").

Dated:  New York, New York
     February 7, 2017

            ZACHARY W. CARTER
            Corporation Counsel of the
            City of New York
            *Attorney for Defendants City of New York, Michael Greaney, Frank Monge and Jose Chevere*
            New York, New York 10007
            (212) 356-2370

       By:    /s/
          Philip S. Frank
          Senior Counsel