Index No. 15 Civ. 386 (PAE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX PALACIOS,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL GREANEY, Shield #20646, POLICE
OFFICER FRANK MONGE, Shield #27984, DET. JOSE
CHEVERE, SHIELD 1505, POLICE OFFICERS
JOHN/JANE DOE(S) #S 1-10,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Michael Greaney, Frank Monge and*
*Jose Chevere*
*100 Church Street, Room 3-198*
*New York, NY 10007*

*Of Counsel: Philip Frank*
*Tel: (212) 356-2370*
*Matter No. 2015-001947*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................... iii

PRELIMINARY STATEMENT .................................................. 1

STATEMENT OF FACTS ...................................................... 2

STANDARD OF REVIEW ..................................................... 2

ARGUMENT

      POINT I

             PROBABLE CAUSE SUPPORTED PLAINTIFF'S ARREST BASED ON A WARRANT AND BASED ON THE STATEMENTS OF A COMPLAINING VICTIM TO POLICE. ................... 3

             A.    There Was Probable Cause for Plaintiff's Arrest Based on an Arrest Warrant from a Separate Criminal Matter. ................... 4

                  (i) At the Very Least, the Defendant Officers Are Entitled to Qualified Immunity on Plaintiff's False Arrest Claim Because Their Reliance on the Arrest Warrant was Reasonable. ................... 5

             B.    Even if Probable Cause Did Not Support Plaintiff's Arrest Based on the Warrant, There Was Probable Cause to Arrest Plaintiff Based on the Complaining Victim's Identification of Plaintiff as the Perpetrator of an Assault and Attempted Robbery. ................... 6

                  (i) Even if Probable Cause Did not Exist for Plaintiff's Arrest Based Upon the Complaining Victim's Identification of Plaintiff, at a Minimum, There was "Arguable" Probable Cause, and the Defendant Officers Are Therefore Entitled to Qualified Immunity. ................... 8

POINT II

      PLAINTIFF'S          EXCESSIVE          PRE-
      ARRAIGNMENT  DETENTION  CLAIM  FAILS
      AS A MATTER OF LAW..........................................................................9

POINT III

      THIS COURT SHOULD DISMISS OR DECLINE
      JURISDICTION  OVER  ALL  OF  PLAINTIFFS'
      REMAINING STATE LAW CLAIMS...................................................13

      A.     Good Faith Immunity...................................................................13

CONCLUSION...........................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                                      **<u>Pages</u>**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986).............................................................................................................2

Arizona v. Evans,
   514 U.S. 1 (1995)...............................................................................................................5

Bryant v. City of New York,
   404 F.3d 128 (2d Cir. 2005)...........................................................................................10

Caceres v. Port Auth.,
   631 F.3d 620 (2d Cir. 2011)..........................................................................................5-6

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986).........................................................................................................2

Cnty. of Riverside v. McLaughlin,
   500 U.S. 44 (1991).........................................................................................................10

Crawford-El v. Britton,
   523 U.S. 574 (1998).........................................................................................................8

Curley v. Village of Suffern,
   268 F. 3d 65 (2d Cir. 2001).............................................................................................6

Escalera v. Lunn,
   361 F.3d 737 (2d Cir. 2004).........................................................................................8, 9

Grullon v. City of New Haven,
   720 F.3d 133 (2d Cir. 2013)...........................................................................................12

Harlow v. Fitzgerald,
   457 U.S. 800 (1982)......................................................................................................8, 9

Horvath v. City of New York,
   12 CV 6005 (RJD) (JMA) 2015 U.S. Dist. LEXIS 51029, 2015 WL 1757759
   (E.D.N.Y. Apr. 17, 2015)..........................................................................................10, 12

Hughes v. McWilliams,
   No. 04 CV 7030 (KMW), 2009 U.S. Dist. LEXIS 116642
   (S.D.N.Y. Dec. 15, 2009)................................................................................................4

Hunter v. Bryant,
   502 U.S. 224 (1991)......................................................................................................8, 9

**Cases**                                                                                    **Pages**

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006)...................................................................................3

Jones v. King,
    No. 10-CV-0897 (PKC), 2011 U.S. Dist. LEXIS 110980, 2011 WL 4484360
    (S.D.N.Y. Sept. 28, 2011).................................................................................2

LaDoucier v. City of New York,
    10 Civ. 05089 (RJH), 2011 U.S. Dist. LEXIS 61379, 2011 WL 2206735
    (S.D.N.Y. June 6, 2011)...................................................................................6

LaFontaine v. City of New York,
    No. 08 Civ. 1555, 2009 WL 3335362 (S.D.N.Y., Oct 14, 2009) ..............................6

Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.,
    192 F.3d 337 (2d Cir. 1999)............................................................................3

Lennon v. Miller,
    66 F.3d 416 (2d Cir. 1995)............................................................................8-9

Mazza v. City of New York,
    No. 98-CV-2343 (ILG), 1999 U.S. Dist. LEXIS 13192, 1999 WL 1289623
    (E.D.N.Y. July 13, 1999) ..............................................................................10

Mitchell v. Forsyth,
    472 U.S. 511 (1985)......................................................................................8

Mon v. City of New York,
    78 N.Y.2d 309, 574 N.Y.S.2d 529 (1991) ......................................................13

O'Neill v. Town of Babylon,
    986 F.2d 646 (2d Cir. 1993).............................................................................4

Ortiz v. City of New York,
    No. 11-CV-7919 (JMF), 2013 U.S. Dist. LEXIS 136897, 2013 WL 5339156
    (S.D.N.Y. Sept. 24, 2013), aff'd, 589 F. App'x 24 (2d Cir. 2014).........................11

Pitchell v. Callan,
    13 F.3d 545 (2d Cir. 1994)............................................................................13

Quaratino v. Tiffany & Co.,
    71 F.3d 58 (2d Cir. 1995)............................................................................2-3

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003)............................................................................3-4

**<u>Cases</u>**                                                                                                                                      **<u>Pages</u>**

<u>Scotto v. Almenas</u>,
    143 F.3d 105 (2d Cir. 1998).................................................................................3

<u>Singer v. Fulton County Sheriff</u>,
    63 F.3d 110 (2d Cir. 1995)...................................................................................4

<u>Twin Laboratories, Inc. v. Weider Health & Fitness</u>,
    900 F.2d 566 (2d Cir. 1990)................................................................................3

<u>United States v. Miller</u>,
    265 Fed. Appx. 5 (2d Cir. 2008)..........................................................................4

<u>United States v. Santa</u>,
    180 F.3d 20 (2d Cir. 1999)...................................................................................5

<u>United States v. Towne</u>,
    870 F.2d 880 (2d Cir. 1989)..............................................................................4-5

<u>Vasquez v. McPherson</u>,
    285 F. Supp. 2d 334 (S.D.N.Y. 2003)................................................................5

<u>Watson v. City of New York</u>,
    92 F.3d 31 (2d Cir. 1998)..................................................................................12

<u>Estate of Yankel Rosenbaum v. City of New York</u>,
    982 F. Supp. 894 (E.D.N.Y. 1997) ...................................................................13

<u>Ying Jing Gan v. City of New York</u>,
    996 F.2d 522 (2d Cir. 1993)................................................................................3

**<u>Statutes</u>**

Fed. R. Civ. P. 56........................................................................................................2, 14

Local Civil Rule 56.1.......................................................................................................2

42 USC § 1983.............................................................................................................12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALEX PALACIOS,

                                        Plaintiff,          15 Civ. 386 (PAE)

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL GREANEY, Shield #20646, POLICE
OFFICER FRANK MONGE, Shield #27984, DET. JOSE
CHEVERE, SHIELD 1505, POLICE OFFICERS
JOHN/JANE DOE(S) #S 1-10,

                                        Defendants.

------------------------------------------------------------------------ x


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

It is undisputed here that defendant police officers learned of a bench warrant for plaintiff's arrest from an NYPD warrant database on May 20, 2014, two days prior to plaintiff's arrest on May 22, 2014.  The warrant, therefore, provided defendants with probable cause for plaintiff's arrest as a matter of law.  Even if probable cause did not support plaintiff's arrest based on the warrant, however, there was also probable cause to arrest plaintiff for assault and attempted robbery based upon the statements to police by a complaining victim, who identified plaintiff's mugshot photograph as the perpetrator.  Accordingly, plaintiff's false arrest claim fails as a matter of law.

At the very least, the individual defendants are entitled to qualified immunity on plaintiff's false arrest claim because they reasonably relied upon the police warrant database.

The defendant officers are also entitled to qualified immunity because there was "arguable" probable cause to arrest plaintiff based upon the complaining victim's identification.

Plaintiff's excessive pre-arraignment detention claim also fails as a matter of law because it is undisputed that plaintiff was detained for approximately 40 ½ hours, within the 48-hour promptness requirement of the Constitution.   The individual defendants also had no personal involvement in plaintiff's detention once he was transported to Bronx Central Booking. Plaintiff's state law claim for pre-arraignment delay should be dismissed because New York State law does not recognize such a private cause of action.   To the extent that any state law claims remain, the Court should dismiss or decline jurisdiction over those claims.

Accordingly, defendants City of New York, Michael Greaney, Frank Monge and Jose Chevere submit this memorandum of law in support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

For a complete statement of undisputed facts, the Court is respectfully referred to: (1) Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("56.1 Statement"), dated February 7, 2017, which is being submitted concurrently herewith; and (2) the parties' Joint Stipulated Facts, dated January 23, 2017 ("J.S.F."), Docket Entry No. 72, annexed to the Declaration of Philip S. Frank ("Frank Decl.") as Exhibit "A."

## STANDARD OF REVIEW

Summary judgment is appropriate if the record "show[s] that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. Quaratino

v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995); Twin Laboratories, Inc. v. Weider Health & Fitness, 900 F.2d 566, 568 (2d Cir. 1990).  To survive summary judgment, however, the non-moving party must produce evidence to support his case and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible."  Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993).  Further, evidence that is "merely colorable or not significantly probative" is insufficient to defeat a motion for summary judgment.  Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc., 192 F.3d 337, 346 (2d Cir. 1999); see also Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998).  Here, the Court should grant summary judgment in favor of defendants because no genuine dispute as to any material fact exists.

## ARGUMENT

### POINT I

### PROBABLE CAUSE SUPPORTED PLAINTIFF'S ARREST BASED ON A WARRANT AND BASED ON THE STATEMENTS OF A COMPLAINING VICTIM TO POLICE.

Plaintiff's claims of false arrest under state and federal law should be dismissed because probable cause supported plaintiff's arrest on May 22, 2014 based on the undisputed facts of this case.  First, it is undisputed that defendant officers' had knowledge of an arrest warrant from a separate criminal matter prior to plaintiff's arrest here on May 22, 2014.  (J.S.F. at ¶¶ 14-16).  Second, even if defendants did not have probable cause to arrest plaintiff based on the warrant, the complaining victim's statements to police provided probable cause to arrest plaintiff for assault and attempted robbery.

The existence of probable cause is a complete defense to a civil rights claim alleging false arrest.  See Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006); Savino v. City of

New York, 331 F.3d 63, 75 (2d Cir. 2003); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).   In general, "[p]robable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested."  Singer, 63 F.3d at 119 (citing O'Neill v. Town of Babylon, 986 F.2d 646, 650 (2d Cir. 1993)).   Here, probable cause supported plaintiff's arrest based upon both the arrest warrant and the complaining victim's identification of the plaintiff as the perpetrator of an assault and attempted robbery.

**A.     There Was Probable Cause for Plaintiff's Arrest Based on an Arrest Warrant from a Separate Criminal Matter.**

Here, it is undisputed that, prior to arresting plaintiff, defendant Detective Michael Greaney learned from an NYPD warrant database that plaintiff had an active warrant for his arrest.  (J.S.F. at ¶¶ 14-16; 56.1 Statement at ¶¶ 31-36).   Accordingly, probable cause supported plaintiff's arrest based upon the warrant.

The Second Circuit has held that officers are entitled to rely on warrant information obtained from a computer database, such as the NYPD Automated Database for Warrants ("ADW") here.  United States v. Miller, 265 Fed. Appx. 5, 7 (2d Cir. 2008) ("[W]hen an officer learns from a computer database…that a person is the subject of an outstanding arrest warrant, probable cause exists to arrest that person"); Hughes v. McWilliams, No. 04 CV 7030 (KMW), 2009 U.S. Dist. LEXIS 116642, at *8 (S.D.N.Y. Dec. 15, 2009) ("[A] police officer can rely on information obtained from a police computer database in order to establish probable cause.").  The Second Circuit held in United States v. Towne that a police officer had probable cause to arrest a defendant where the officer ran a computer background check revealing an outstanding fugitive warrant for the individual that was later determined to have been improperly

4

classified as an active warrant.  870 F.2d 880, 884 (2d Cir. 1989); <u>see also</u> <u>Arizona v. Evans</u>, 514 U.S. 1, 15-16 (1995) (police officer reliance on police computer record was reasonable even though the outstanding warrant on which the officer arrested the defendant was the result of a clerical error); <u>United States v. Santa</u>, 180 F.3d 20, 27 (2d Cir. 1999) (concluding that arresting officers' reliance on a statewide computer database that contains outstanding warrants to arrest an individual was objectively reasonable even though the warrant later turned out to be invalid); <u>Vasquez v. McPherson</u>, 285 F. Supp. 2d 334, 341 (S.D.N.Y. 2003) (finding probable cause to arrest plaintiff on a warrant even though it was later determined that plaintiff was not the person named in the warrant).

Here, it is undisputed that on May 20, 2014, two days prior to plaintiff's arrest on May 22, 2014, defendant Detective Greaney learned from the NYPD ADW warrant database that plaintiff had an active bench warrant for his arrest.  (J.S.F. at ¶¶ 14-17; 56.1 Statement at ¶¶ 31-36).  Although the warrant, in fact, had been vacated, plaintiff cannot dispute that the NYPD ADW warrant database was not updated to reflect this until after plaintiff's May 22, 2014 arrest.  (J.S.F. at ¶¶ 14-17; 56.1 Statement at ¶¶ 8-12; 31-36).  Detective Greaney's reliance on the NYPD ADW warrant database to arrest plaintiff was objectively reasonable.  Accordingly, probable cause supported plaintiff's arrest based upon the defendant officers' knowledge of the arrest warrant from the NYPD ADW warrant database prior to plaintiff's arrest.

### (i)   At the Very Least, the Defendant Officers Are Entitled to Qualified Immunity on Plaintiff's False Arrest Claim Because Their Reliance on the Arrest Warrant was Reasonable.

An officer's reliance on information concerning a warrant from a computer database is reasonable—and therefore the defendant officers are entitled, at a minimum, to qualified immunity—even if the information later turns out to have been erroneous.  <u>See</u> <u>Caceres</u>

v. Port Auth., 631 F.3d 620, 623 (2d Cir. 2011) (granting qualified immunity to defendant officer for arresting plaintiff on a warrant erroneously attributed to plaintiff).

**B.    Even if Probable Cause Did Not Support Plaintiff's Arrest Based on the Warrant, There Was Probable Cause to Arrest Plaintiff Based on the Complaining Victim's Identification of Plaintiff as the Perpetrator of an Assault and Attempted Robbery.**

Here, there was also probable cause to arrest plaintiff based on the identification to police by a complaining victim of plaintiff as the perpetrator of an assault and attempted robbery.  "When information is received from a putative victim or an eyewitness, probable cause exists…unless the circumstances raise doubt as to the person's veracity."  Curley v. Village of Suffern, 268 F. 3d 65, 68 (2d Cir.  2001).  Indeed, "when an arresting officer does not have reason to doubt a witness's veracity, nothing beyond the victim's testimony is required to make a lawful arrest." LaDoucier v. City of New York, 10 Civ. 05089 (RJH), 2011 U.S. Dist. LEXIS 61379, 2011 WL 2206735 (S.D.N.Y. June 6, 2011) (citing LaFontaine v. City of New York, No. 08 Civ. 1555, 2009 WL 3335362, at *6 (S.D.N.Y., Oct 14, 2009)) (internal quotations omitted).

Here, the complaining victim identified a mugshot photograph of plaintiff as the perpetrator of an assault and attempted robbery against her.  (56.1 Statement at ¶¶ 20-30).  On July 13, 2012, the complaining victim told police that she had been the victim that day of an assault and attempted robbery as she entered her building located at 795 East 151st Street, Bronx, NY.  (J.S.F. at ¶ 7).  The complaining victim told police that the perpetrator had attempted to steal her chain from around her neck and punched her in the face.  (Id.).  She told defendant Detective Jose Chevere that the perpetrator was a black Hispanic male, 18 to 25 in age, and in the height range of 5'8" to 6'0".  (56.1 Statement at ¶ 18).  The complaining victim viewed mugshot photographs from the NYPD PhotoManager system as administered by Detective Chevere.  (J.S.F. at ¶ 9).  Detective Chevere entered a range of heights from 5'8" to 6'0" into the NYPD PhotoManager system, (Id. at ¶ 10), and the complaining victim identified a mugshot

photograph of plaintiff to Detective Chevere as the perpetrator of the attempted robbery.  (Id. at ¶¶ 10, 13; 56.1 Statement at ¶ 28).

Specifically, the complaining victim pointed to a mugshot photograph of the plaintiff and told Detective Chevere that's him, "That's the guy that tried to take my chain and punched me."  (56.1 Statement at ¶ 29).  The complaining victim also told Detective Chevere that she was certain that the mugshot photograph of plaintiff was the perpetrator of the attempted robbery.  (56.1 Statement at ¶ 30).

The defendant officers had probable cause to arrest plaintiff for assault and attempted robbery based on the victim's statements to police and identification of plaintiff's mugshot photograph as the perpetrator of the crime.  The fact that the complaining victim told police that she was certain that the mugshot photograph of plaintiff was the perpetrator, (56.1 Statement at ¶ 30), provided Detective Chevere with no reason to doubt her veracity.  Although the NYPD Complaint Report indicates that the perpetrator of the crime was 6'0" (56.1 Statement at ¶ 19), this height is within the height range of 5'8" and 6'0" that the victim provided Detective Chevere.   The fact that police records indicated that plaintiff was 5'6", did not make it objectively unreasonable for defendants in arresting plaintiff to rely on the victim's statement that her assailant was in the height range of 5'8" and 6'0".  This is a mere difference of two to six inches.  Accordingly, probable cause supported plaintiff's arrest as a matter of law based on the complaining victim's identification of plaintiff as her assailant.  Plaintiff's false arrest claim, therefore, should be dismissed.

**(i) Even if Probable Cause Did not Exist for Plaintiff's Arrest Based Upon the Complaining Victim's Identification of Plaintiff, at a Minimum, There was "Arguable" Probable Cause, and the Defendant Officers Are Therefore Entitled to Qualified Immunity.**

At a minimum, the Court need only find that there was *arguable* probable cause to justify plaintiff's arrest in order to grant qualified immunity to the individual defendants. See Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) ("Even if probable cause to arrest is ultimately found not to have existed, an arresting officer will still be entitled to qualified immunity from a suit for damages if he can establish that there was 'arguable probable cause' to arrest.")

Qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Supreme Court has stated that "there is a strong public interest in protecting public officials from the costs associated with the defense of damages actions. That interest is best served by a defense that permits insubstantial lawsuits to be quickly terminated." Crawford-El v. Britton, 523 U.S. 574, 590 (1998). Thus, the defense of qualified immunity should be resolved "at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (citations omitted).

It is well settled law that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982). "Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." Lennon v. Miller, 66 F.3d

8

416, 420 (2d Cir. 1995).  The Supreme Court has explained that the qualified immunity standard "gives ample room for mistaken judgments by protecting 'all but the plainly incompetent or those who knowingly violate the law'…this accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." Hunter, 502 U.S. at 229.  "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Escalera, 361 F.3d at 743 (internal quotation marks and citations omitted).

In the instant case, the individual defendants did not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known," in arresting plaintiff and, as such, are entitled to qualified immunity. Harlow, 457 U.S. at 818.  As set forth above, based on the complaining victim's identification of plaintiff's mugshot photograph as the perpetrator of an assault and attempted robbery, there was probable cause to arrest plaintiff.  Indeed, at a minimum, the individual defendants had "arguable probable cause" to arrest plaintiff, and as such, they are entitled to qualified immunity since it cannot be said that no reasonable officer would have made a similar decision.  Accordingly, defendants are entitled to qualified immunity.

## POINT II

### PLAINTIFF'S EXCESSIVE PRE-ARRAIGNMENT DETENTION CLAIM FAILS AS A MATTER OF LAW.

It is undisputed that plaintiff was detained for approximately 40 ½ hours (J.S.F. at ¶ 25), 28 hours of which was at Bronx Central Booking before it was determined that plaintiff's warrant had been vacated.  (Id. at ¶ 26; 56.1 Statement at ¶¶ 47-54).  Accordingly, plaintiff's excessive pre-arraignment detention claim fails as a matter of law.

A jurisdiction that arraigns a defendant "within 48 hours will, as a general matter, comply with the promptness requirement" of the Constitution.   Cnty. of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991); see also Bryant v. City of New York, 404 F.3d 128, 138 (2d Cir. 2005) ("What is constitutionally required is that, except in extraordinary circumstances, the arrestee be given a hearing into probable cause for the arrest within 48 hours."); Horvath v. City of New York, 12 CV 6005 (RJD) (JMA), 2015 U.S. Dist. LEXIS 51029 **11-12, 2015 WL 1757759 (E.D.N.Y. Apr. 17, 2015).   Although a delay of less than forty-eight hours can violate federal law "if the arrested individual can prove that his or her probable cause determination was delayed unreasonably," Cnty. of Riverside, 500 U.S. at 56, the "burden of showing that the delay was unreasonable" is squarely on the plaintiff, Mazza v. City of New York, No. 98-CV-2343 (ILG), 1999 U.S. Dist. LEXIS 13192, 1999 WL 1289623, at *10 (E.D.N.Y. July 13, 1999) (granting summary judgment where plaintiff failed to show that his forty hour delay was unreasonable).

Here, it is undisputed that plaintiff was detained for approximately 40 ½ hours (J.S.F. at ¶ 25), within the 48-hour requirement of the Constitution.   Plaintiff was arrested in Manhattan on May 22, 2014 at approximately 7:10 a.m.   (Id. at ¶ 17).   It took approximately 2 ½ hours to transport plaintiff from the location of his arrest in Manhattan to the 40th Precinct Detective Squad in the Bronx, where plaintiff arrived at approximately 9:53 a.m.   (Id. at ¶ 18). Plaintiff was at the 40th Precinct Detective Squad from approximately 9:53 a.m. until his transport to Bronx Central Booking at approximately 7:00 p.m., a total of approximately nine hours.   (Id. at ¶¶ 18-19, 22).

While plaintiff was at the 40th Precinct Detective Squad, defendant Detective Monge checked the ADW warrant database, revealing that plaintiff had an active warrant for his

arrest.  (56.1 Statement at ¶ 46).  While plaintiff was at the 40th Precinct Detective Squad, Detective Chevere also spoke to the complaining victim, who stated, in sum and substance, to Detective Chevere that, "It's been a long time, and I probably won't be able to identify the guy. I don't want to waste the time."  (J.S.F. at ¶ 22)  The Bronx County DA's Office declined to prosecute plaintiff, and plaintiff was transported to Bronx Central Booking at approximately 7:00 p.m.  (Id. at ¶¶ 21-22).

It took approximately one hour to transport plaintiff from the 40th Precinct Detective Squad to Bronx Central Booking, where plaintiff arrived at approximately 7:51 p.m. (Id. at ¶ 22).  Plaintiff was at Central Booking from approximately 7:51 p.m. on May 22, 2014 until approximately 11:45 p.m. the following day, May 23, 2014, for a total of approximately 28 hours.  (Id. at ¶¶ 22, 24).  On May 23, 2014, at approximately 8:37 a.m., another warrant check was done for plaintiff, again indicating that he had an active warrant under Docket Number 2011SX047660.  (Id. at ¶ 26; 56.1 Statement at ¶¶ 49-50).  While plaintiff was in custody at Bronx Central Booking, it was eventually determined that the warrant had been vacated, and plaintiff was released from custody.  (J.S.F. at ¶ 26; 56.1 Statement at ¶¶ 47-54).

Plaintiff fails to meet his burden here of showing that his detention was unreasonable.  It is undisputed that it took approximately 12 hours from plaintiff's arrest time to: (1) transport him from Manhattan to the 40th Precinct Detective Squad in the Bronx; (2) further investigate plaintiff's arrest by speaking with the complaining victim and checking the NYPD ADW warrant database for plaintiff's warrant; (3) receive the D.A. Affidavit declining prosecution; and (4) transport plaintiff to Bronx Central Booking.  Thereafter, it took approximately 28 hours, while plaintiff was at Bronx Central Booking, to determine that the

warrant had been vacated.   Accordingly, plaintiff's excessive pre-arraignment detention claim fails as a matter of law.

At the very least, plaintiff cannot show how any of the three individual defendants were personally involved in any purportedly unreasonable delay.   It is axiomatic that "in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013).   Detective Greaney had no further involvement in plaintiff's arrest and/or detention after transporting plaintiff to the 40th Precinct Detective Squad.   (56.1 Statement at ¶ 40).   Plaintiff also cannot show that defendants Detective Chevere and/or Monge had any personal involvement in plaintiff's detention after plaintiff left the 40th Precinct Detective Squad and was transported to Bronx Central Booking. At a minimum, the individual defendants are entitled to qualified immunity as a result of their lack of personal involvement in plaintiff's detention following his transport to Bronx Central Booking.   Accordingly, the Court should dismiss plaintiff's excessive pre-arraignment detention claim.

Plaintiff's state law claim for pre-arraignment delay also fails because Courts in this Circuit have held that no such private cause of action exists under New York State law.   See Horvath, 2015 U.S. Dist. LEXIS 51029, *11 (dismissing plaintiff's state law claim for excessive pre-arraignment delay); Watson v. City of New York, 92 F.3d 31, 36-37 (2d Cir. 1998); Ortiz v. City of New York, No. 11-CV-7919 (JMF), 2013 U.S. Dist. LEXIS 136897, 2013 WL 5339156, at *3 (S.D.N.Y. Sept. 24, 2013), aff'd, 589 F. App'x 24 (2d Cir. 2014); Jones v. King, No. 10-CV-0897 (PKC), 2011 U.S. Dist. LEXIS 110980, 2011 WL 4484360, at *5 (S.D.N.Y. Sept. 28, 2011).

**POINT III**

**THIS COURT SHOULD DISMISS OR DECLINE JURISDICTION OVER ALL OF PLAINTIFFS' REMAINING STATE LAW CLAIMS.**

Because plaintiff's federal claims against defendants should be dismissed, to the extent plaintiff brings state law claims, the analogous state law claims should be dismissed on the merits as well.  Absent a viable federal claim, the Court should decline jurisdiction over any remaining state law claims.  See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) (approving lower court statement that "it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims").

**A.      Good Faith Immunity**

To the extent plaintiff asserts state law claims, the City and the individual defendants are also entitled to immunity from suit on all state law claims.  The state law claims against the individual defendants must fail because of Good Faith Immunity.  Estate of Yankel Rosenbaum v. City of New York, 982 F. Supp. 894 (E.D.N.Y. 1997) (at common law, governmental employee is immune from suit if he was exercising discretion and judgment inherent to his job).  Here, all of the evidence establishes that defendants Detectives Greaney, Monge and Chevere were simply exercising their discretion as police officers and that plaintiff was lawfully arrested based on both a warrant and the statements of a complaining victim identifying plaintiff as the perpetrator.  Under state common law, the municipality is also entitled to interpose an immunity-to-suit defense.   "[W]hen official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial, a municipal defendant generally is not answerable in damages for the injurious consequences of that action." Mon v. City of New York, 78 N.Y.2d 309, 574 N.Y.S.2d 529, 531-32 (1991) (citations omitted).

Here, the discretion exercised by the individual defendant officers with regards to plaintiff was not ministerial and, therefore, the City is not liable for any alleged damages plaintiff claims to have sustained as a result of the officers exercising their reasonable discretion.

## **CONCLUSION**

For the foregoing reasons, defendants City of New York, Michael Greaney, Frank Monge and Jose Chevere respectfully request that the Court grant their motion for summary judgment pursuant to Fed. R. Civ. P. 56 together with such costs, fees and further relief as the Court deems just and proper.

Dated:       New York, New York
             February 7, 2017

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, Michael Greaney, Frank Monge and Jose Chevere*
New York, New York 10007
(212) 356-2370


By:          _____/s/_____
             Philip S. Frank
             Senior Counsel