UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

ALEX PALACIOS,

                          Plaintiff,

     -against-

THE CITY OF NEW YORK, POLICE
OFFICER MICHAEL GREANEY, Shield
#20646, POLICE OFFICER FRANK
MONGE, Shield #27984, DET. JOSE
CHEVERE, SHIELD 1505, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                          Defendants.

------------------------------------------------------- x

**JOINT STIPULATED FACTS**

15 Civ. 386 (PAE)

       Pursuant to the Court's Order, dated January 3, 2017, plaintiff Alex Palacios and defendants City of New York, Michael Greaney, Frank Monge and Jose Chevere, by their respective undersigned attorneys, respectfully submit the following Joint Stipulated Facts ("J.S.F.") for purposes of the parties' anticipated motions for summary judgment only. The parties agree that the J.S.F. is not binding on the parties for any other purpose, including, but not limited to, any trial in this matter.

                       **Plaintiff's May 5, 2011 Summons on a Separate Matter**

       1.     On May 5, 2011, at approximately 8:55 p.m., plaintiff received a summons in the Bronx, NY for an administrative code violation for being "in park after dusk."

       2.     The summons instructed plaintiff to appear in the Bronx County Criminal Court Summons Part on July 12, 2011.

       3.     According to court records, plaintiff did not appear in Court on July 12, 2011, and a bench warrant was issued for plaintiff's arrest.

- 2 -

4. According to court records, the summons was dismissed on July 13, 2011.

5. According to court records, the warrant issued on July 12, 2011 was vacated on July 13, 2011.

6. The summons case had a docket number of 2011SX047660.

**Complaining Victim's July 13, 2012 Statements to Police**

7. On July 13, 2012, a complaining victim told police that she had been the victim that day of an assault and attempted robbery as she entered her building located at ■ ■ ■■■■■■■. The complaining victim told police that the perpetrator had attempted to steal her chain from around her neck and punched her in the face.

8. Defendant Detective Chevere interviewed the complaining victim inside the 40th Precinct Detective Squad in the Bronx on the date of the attempted robbery.

9. On July 13, 2012, the date of the attempted robbery, the complaining victim viewed mugshot photographs from the NYPD PhotoManager system. Detective Chevere administered the mugshot photograph viewing by the complaining victim.

10. Detective Chevere entered a range of heights from 5'8" to 6'0" into the NYPD PhotoManager system.

11. According to the NYPD I-Card for plaintiff issued on July 14, 2012, plaintiff is listed as 5'6".

12. Despite the fact that Detective Chevere entered a height parameter into the NYPD PhotoManager system of a minimum height of 5'8" and a maximum height of 6'0", plaintiff's photograph was one of the photographs the complainant viewed in the PhotoManager system.

13. The complaining victim alerted Detective Chevere to a mugshot photograph of plaintiff.

### Detective Greaney's May 20, 2014 Computer Checks

14. On May 20, 2014, at approximately 2:30 p.m., defendant Detective (then a Police Officer) Greaney conducted a number of computer checks pertaining to plaintiff Alex Palacios.

15. One such computer check conducted by Detective Greaney was on a database called "ADW," which stands for Automated Database for Warrants. The ADW database is an NYPD database for warrants.

16. According to Detective Greaney, the ADW computer check conducted by Detective Greaney on May 20, 2014 indicated that there was an active warrant for plaintiff's arrest.

### Plaintiff's May 22, 2014 Arrest and Transport to the 40th Precinct

17. On May 22, 2014, at approximately 7:10 a.m., Detective Greaney arrested plaintiff inside of 30 Waterside Plaza, New York, NY.

18. Defendant Detective Greaney and other officers transported plaintiff to the 40th Precinct Detective Squad, where plaintiff arrived at approximately 9:53 a.m.

19. Officers from the 40th Precinct Detective Squad took custody of plaintiff from Detective Greaney.

### Bronx County D.A.'s Office Declines to Prosecute

20. According to the Bronx County District Attorney's ("D.A.'s") Office Affidavit in Support of Declining/Deferring Prosecution, on May 22, 2014, Detective Chevere contacted the complaining victim. The complaining victim stated, in sum and substance, to

Detective Chevere that, "It's been a long time, and I probably won't be able to identify the guy. I don't want to waste the time."

21. According to defendant Detective Monge, he received by fax from the D.A's Office the Affidavit in Support of Declining/Deferring Prosecution, indicating that the D.A's Office would not prosecute plaintiff for the robbery charge.

### **Bronx Central Booking**

22. On May 22, 2014, at approximately 7:00 p.m., plaintiff was transported from the 40th Precinct to Bronx Central Booking, and plaintiff arrived at Bronx Central Booking intake at approximately 7:51 p.m.

23. According to the NYPD Online Prisoner Arraignment ("O.L.P.A.") form, on May 23, 2014, at approximately 8:37 a.m., another warrant check was done for plaintiff.

24. On May 23, 2014 at approximately 11:45 p.m., plaintiff was released from custody at Bronx Central Booking.

25. Plaintiff was detained from approximately 7:10 a.m. on May 22, 2014 until his release on May 23, 2014 at 11:45 p.m., a total detention time of approximately 40 hours 35 minutes.

- 5 -

26. Plaintiff was held in custody for approximately 28 hours after defendant Detective Monge was made aware that plaintiff would not be prosecuted by the DA's Office on the robbery charge.

Dated:   New York, New York
         January 23, 2017

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, Michael Greaney, Frank Monge and Jose Chevere*
New York, New York 10007
(212) 356-2370

By:  _____/s/_____
     Philip S. Frank
     Senior Counsel


DAVID ZELMAN, ESQ.
*Attorney for Plaintiff*

By:  _____/s/_____
     David Zelman, Esq.