UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

ALEX PALACIOS,

                                      Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE
OFFICER MICHAEL GREANEY, Shield
#20646, POLICE OFFICER FRANK
MONGE, Shield #27984, DET. JOSE
CHEVERE, SHIELD 1505, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                                        Defendants.

-------------------------------------------------------- x

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S RULE 56.1 STATEMENT**

15 Civ. 386 (PAE)

       Plaintiff Alex Palacios as and for his response to Defendants' Rule 56.1 Statement provides upon information and belief as follow:

       1.     Admit

       2.     Admit

       3.     Admit

       4.     Deny knowledge sufficient to form a belief. However, the issue is not material as it is not disputed that the warrant was vacated by the Court on July 13, 2011.

       5.     Admit, but Plaintiff testified he could not remember if he appeared in court or not.

       6.     Admit.

       7.     Admit.

       8.     Admit.

       9.     Admit.

10. Deny knowledge sufficient to form a belief.

11. Deny knowledge sufficient to form a belief.

12. Deny knowledge sufficient to form a belief.

13. Admit.

14. Admit.

15. Admit the form so states.

16. Admit the form so states.

17. Deny. The complaining victim testified that she told police that the perpetrator was six feet tall. (EBT M.P., hereinafter Pl. Ex. E, p. 27 lines 9-10, p. 63 lines 17-20).

18. Deny. The complaining victim testified that she told police that the perpetrator was six feet tall. (Pl. Ex. E, p. 27 lines 9-10, p. 63 lines 17-20).

19. Admit.

20. Admit.

21. Deny. Detective Chevere used a range of heights whereas the complaining victim simply reported that the perpetrator was six feet tall. (Joint Stipulated Fact, hereinafter Pl. Ex. A, ¶10).

22. Admit.

23. Admit.

24. Deny. The complaining victim testified that the photo she observed and the perpetrator "looked alike." (Pl. Ex. E, p. 48 lines 1-4).

25. Deny. The complaining victim testified that the photo she observed and the perpetrator "looked alike." (Pl. Ex. E, p. 48 lines 1-4).

26. Admit.

- 3 -

27. Deny. The complaining victim testified that the photo she observed and the perpetrator "looked alike." (Pl. Ex. E, p. 48 lines 1-4).

28. Deny. The complaining victim testified that the photo she observed and the perpetrator "looked alike." (Pl. Ex. E, p. 48 lines 1-4).

29. Deny. The complaining victim testified that the photo she observed and the perpetrator "looked alike." (Pl. Ex. E, p. 48 lines 1-4).

30. Deny. The complaining victim testified that the photo she observed and the perpetrator "looked alike." (Pl. Ex. E, p. 48 lines 1-4).

31. Admit.

32. Admit.

33. Admit, there was a warrant. However, deny characterization as active.

34. Admit, but deny characterization of warrant as active.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

40. Object, calls for a conclusion of law. Otherwise, admit.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Deny. (EBT Monge, hereinafter Pl. Ex. G, p. 31 lines 8-24).

47. Admit.

48. Admit.

49. Deny. At 8:37 AM a check was done determining that Plaintiff did not have an active warrant. (EBT Harper, hereinafter "Pl. Ex. I," p. 19 lines 16-19).

50. Admit, except deny characterization as active

51. Admit.

52. Admit.

53. Admit.

54. Deny. It was determined that the warrant was vacated at approximately 8:37 AM. (Defense Disclosures, hereinafter Pl. Ex. D, D7).

55. Admit.

56. Admit.

57. Admit.

Dated: Brooklyn, New York
    March 24, 2017

LAW OFFICE OF DAVID A. ZELMAN

By: David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

TO: Via ECF
    Phillip Frank, Esq.
    New York City Law Dept.
    100 Church Street
    New York, New York 10007