UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

ALEX PALACIOS,

                              Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE
OFFICER MICHAEL GREANEY, Shield
#20646, POLICE OFFICER FRANK
MONGE, Shield #27984, DET. JOSE
CHEVERE, SHIELD 1505, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                          Defendants.

-------------------------------------------------------- x

**PLAINTIFF'S RULE 56.1 STATEMENT**

15 Civ. 386 (PAE)

      Plaintiff Alex Palacios as and for his Rule 56.1 Statement provides upon information and belief as follow:

      1.    The complaining victim, M.P. did not know her attacker. (Defense Disclosures, hereinafter Pl. Ex. D, D10).

      2.    The complaining victim, M.P. told police her attacker was six feet tall. (Pl. Ex. D, D10) (EBT M.P., hereinafter Pl. Ex E, p. 63 lines 17-20).

      3.    The complaining victim, M.P. was unable to describe her attacker other than "six feet tall, black Hispanic, 170 lbs, medium skin" (Pl. Ex D, D10-D11).

      4.    There was no other evidence, other than the alleged identification of the complaining victim, M.P. that plaintiff assaulted M.P. (Pl. Ex D, D10-D11).

      5.    Defendant Monge testified that the reason he sent plaintiff to Central Booking was so that the District Attorney's office could release him if they so chose. (EBT Monge, hereinafter Pl. Ex. G, p. 19 lines 12-15).

6. Defendant Monge knew while he and plaintiff were at the precinct that plaintiff would not be prosecuted for the robbery allegation. (Pl. Ex. G, p. 22 line 23 – p. 23 line 2).

7. Defendant Greaney testified he knew of no other reason to arrest plaintiff other than the robbery allegation. (EBT Greaney, Pl. Ex. C, p. 20 lines 12-21).

8. Defendant Chevere testified that he refused to provide the complaining victim with the plaintiff's height because he felt it violated plaintiff's right to privacy. (EBT Chevere, Pl. Ex. F, p. 66 lines 3-22, p. 67 line 18 – p. 68 line 2).

9. Plaintiff was never arraigned. (EBT Palacios, hereinafter Pl. Ex. B, p. 94 lines 9-10).

10. The first time the defendants ever attempted to verify the 2011 dismissed summons was at Central Booking on the morning of May 23 at 8:24 AM. (Pl. Ex. D, D7).

11. Defendant Greaney never attempted to validate the 2011 dismissed summonss. (Pl. Ex. C, p. 44 lines 2-17).

12. Defendant Monge never attempted to validate the 2011 dismissed summons. (Pl. Ex. G, p. 31 lines 22-24).

13. Defendant Chevere never attempted to validate the 2011 dismissed summons. (Pl. Ex. G, p. 39, lines 3-15).

14. Defendant Sabino testified that "negative results" means that the person checked does not have a warrant. (EBT Sabino, hereinafter "Pl. Ex. K," p. 47 lines 3-8)

Dated: Brooklyn, New York
       March 24, 2017

LAW OFFICE OF DAVID A. ZELMAN


By: David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

TO: <u>Via ECF</u>
Phillip Frank, Esq.
New York City Law Dept.
100 Church Street
New York, New York 10007