UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

ALEX PALACIOS,

                                        Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL          15-CV-00386 (PAE)
GREANEY, Shield #20646, POLICE OFFICER FRANK
MONGE, Shield #27984, DET. JOSE CHEVERE, SHIELD
1505, POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                                        Defendants.

--------------------------------------------------------------------------x


**<u>DEFENDANTS REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR SUMARY JUDGMENT, AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT.</u>**


                                        ZACHARY W. CARTER
                               Corporation Counsel of the City of New York
                                        *Attorney for City Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        212-356-2332


                                        <u>Of Counsel</u>

                                        Peter Brocker

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................iii

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT:....................................................................................................1

   I.    Probable Cause Existed to Arrest Plaintiff Based on the Identification
        of the Complaining Victim of the Assault  and Attempted Robbery........................1

   II.   Alternatively, Probable Cause Existed To Arrest Plaintiff Based on
         the Active Warrant in the A.D.W. System From A Separate Criminal Matter. .......3

   III.  Plaintiff's Claim for Excessive Detention Fails, As He was in Custody
        for Less Than 48 Hours, and Alleges No Improper Motive .....................................6

   IV.  The Court Should Dismiss or Decline Jurisdiction over Plaintiff's
        Additional State Law Based Claims ........................................................................8

CONCLUSION...................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Arizona v. Evans*,
    514 U.S. 1 (1995)...............................................................................................6

*Carpenter v. City of New York*,
    984 F. Supp. 2d 255 (S.D.N.Y. 2013)..............................................................3

*Cerrone v. Brown*,
    246 F.3d 194 (2d Cir. 2001)..............................................................................3

*Chunyu Jean Wang v. Vahldieck*,
No. 09-CV-3783 (ARR) (VVP), 2012 U.S. Dist. LEXIS 3763 (E.D.N.Y. Jan. 9, 2012)......7

*County of Riverside v. McLaughlin*,
    500 U.S. 44 (1991)........................................................................................6, 7

*Crenshaw v. City of Mount Vernon*,
    372 Fed. Appx. 202 (2d Cir. 2010)..................................................................5

*Curley v. Village of Suffern*,
    268 F.3d 65 (2d Cir. 2001)................................................................................1

*Davis v. City of Detroit*,
No. 98-1254, 1999 U.S. App. LEXIS 32169 (6th Cir. 1999) ...............................7

Devenpeck v. Alford,
    543 U.S. 146 (2004)..........................................................................................5

*Farr v. Paikowski*,
    No. 11 Civ. 789, 2013 U.S. Dist. LEXIS 5978 (E.D. Wisc. Jan. 14, 2013) ...................7

*Gonzalez v. Bratton*,
147 F. Supp. 2d 180 (S.D.N.Y. 2001)......................................................................6

*Gonzalez v. City of New York*,
    2016 U.S. Dist. LEXIS 177820 (S.D.N.Y. Dec. 2, 2016) ...............................5

*LaDoucier v. City of New York*,
    10 Civ. 05089 (RJH), 2011 U.S. Dist. LEXIS 61379 (S.D.N.Y.  June 6, 2011).............1

*Lee v. Sandberg*,
    136 F.3d 94 (2d Cir. 1997)................................................................................2

*Miloslavsky v. AES Eng'g Soc.*,
    808 F. Supp. 351 (S.D.N.Y. 1992) ......................................................................2

*People v. Harper*,
    137 Misc. 2d 357 (N.Y.S. Crim. Ct. 1987)...................................................5

*Richardson v. Providence*,
No. 09-CV-4647, 2012 U.S. Dist. LEXIS 49068 (E.D.N.Y. Apr. 6, 2012) .........................6

*Sanders v. City of New York*,
    No. 12 Civ. 113 (PKC)(LB), 2015 U.S. Dist. LEXIS 42698 (E.D.N.Y. Jan. 7, 2015) ...3

*United States v. Colon*,
    250 F.3d 130 (2d Cir. 2001).............................................................................2, 4

*United States v. Miller*,
    265 Fed. Appx. 5 (2d Cir. 2008) ...................................................................5

 United States v. Townes,
    870 F.2d 880 (2d Cir. 1989)...................................................................5- 6

## Other Authorities:

Local Rule 56.1 ...................................................................................................4

Fed. R. Civ. P. 56(c)(2).......................................................................................4

## PRELIMINARY STATEMENT

Plaintiff seeks to survive the instant motion relying on evidence that, by its very nature, cannot raise a genuine issue of fact for trial.  Even were the Court to excuse the procedural and evidentiary defects in Plaintiff's submission, the Opposition still fails to controvert the positions set forth in City Defendants' opening brief.  Accordingly, for the reasons described below, City Defendants' motion should be granted and judgment entered in their favor.

## ARGUMENT

**I.    PROBABLE CAUSE EXISTED TO ARREST PLAINTIFF BASED ON THE IDENTIFICATION OF THE COMPLAINING VICTIM OF THE JULY 13, 2012, ATTEMPTED ROBBERY.**

Plaintiff argues that it was unreasonable for the police to believe that he had committed the July 13, 2012, attempted robbery of M.P. for which he was arrested on May 22, 2014. (Pl. Opp., at Section 1; Joint Stipulated Facts ("J.S.F."), at ¶ 17).  First, Plaintiff claims that because he was only 5'6" tall, not 6'0", no reasonable officer would have considered him a suspect. (*Id.*) Second, Plaintiff claims that no reasonable officer would have relied on a complaint from two-years prior when making an arrest, and seeks to impose a pre-arrest duty on the part of police to confer with the complaining victim to ensure continued cooperation after the passage of an unspecified amount of time.  (*Id.*)

When Plaintiff was arrested on May 22, 2014, Detectives were aware that he was chosen from a line-up as the attempted robber by a complaining victim; that identification gave them probable cause to arrest plaintiff. *Curley v. Village of Suffern*, 268 F.3d 65, 68 (2d Cir. 2001) ("[w]hen information is received from a putative victim or an eyewitness, probable cause exists…unless the circumstances raise doubt as to the person's veracity."); *LaDoucier v. City of New York*, 10 Civ. 05089 (RJH), 2011 U.S. Dist. LEXIS 61379, 2011 WL 2206735 (S.D.N.Y.

1

June 6, 2011) ("when an arresting officer does not have reason to doubt a witness's veracity, nothing beyond the victim's testimony is required to make a lawful arrest."). Further, a complaining witness is presumptively reliable. *Miloslavsky v. AES Eng'g Soc.*, 808 F. Supp. 351 (S.D.N.Y. 1992) (quoted with approval by *Lee v. Sandberg*, 136 F.3d 94 (2d Cir. 1997)).

The fact that Plaintiff is 5'6", and not 6'0", takes up the majority of plaintiff's argument regarding the reliability of the report of attempted robbery made by the complaining victim, M.P., on July 13, 2012. (*Id.*) However, Plaintiff is not so much shorter than M.P. reported that no reasonable officer would have believed he was a true suspect. Plaintiff cites to the NYPD complaint form that was generated when M.P. reported the attempted robbery, which lists the perpetrator's height as six-feet. (Pl. Ex. D., D10). However, that report was generated P.O. Nunez Ezequiel, not by the detective who took plaintiffs complaint. (*Id.*). *See*, *United States v. Colon*, 250 F.3d 130 (2d Cir. 2001) (describing that officers are entitled to rely on other officers for information in charging individuals).

When asked directly about whether she had reported that her attacker was six-feet tall on the date of the incident, M.P. denied ever stating her attacker's height with certainty. (Pl. Ex. E., at 63: 12-16) At her deposition on December 13, 2016, M.P. did not recall many of the details of the incident (Pl. Ex. E., at 65: 13-19); indeed, the deposition was more than four years after the attempted robbery, and more than two years after plaintiff's arrest, when she had declined to attempt identification. (J.S.F., at 7 & 17-20). However, Detective Chevere recalled that M.P. reported the perpetrator as being between 5' 8" and 6' 0" tall, with an unknown weight, long black hair in a ponytail, and brown eye color. (Def. Ex. E, at 30: 8-16). Therefore, Plaintiff was only two inches below the reported height of the perpetrator, not six-inches, and certainly not so far off that a reasonable officer would discount identification by the complaining victim.

Even assuming the report made by M.P. was that the attempted robber was 6'0", *arguendo*, a reasonable officer could still consider Plaintiff a suspect once M.P. positively identified him.  Once an officer has probable cause, *e.g.* from a reliable complaining victim, "[a]n arresting officer has no duty to investigate exculpatory defenses." *Sanders v. City of New York*, No. 12-CV-113 (PKC)(LB), 2015 U.S. Dist. LEXIS 42698, at *27 n.10 (E.D.N.Y. Jan. 7, 2015) (quoting *Carpenter v. City of New York*, 984 F. Supp. 2d 255, 265 (S.D.N.Y. 2013).

Plaintiff's secondary argument, made in a single paragraph without any case citations, that officers have a duty to confirm a complaining victim will cooperate prior to arresting an individual, after at least two-years have passed, is directly contradicted by the law in this circuit. Specifically, probable cause has no relationship to the outcome of the criminal matter, and cannot be made to turn on whether there will be sufficient admissible evidence to convict plaintiff – an officer is not permitted to sit as prosecutor, judge or jury. *Cerrone v. Brown*, 246 F.3d 194 (2d Cir. 2001).

As a result, Defendants had probable cause to arrest of plaintiff on May 22, 2014 based on a reliable complaining victim of an attempted-robbery on July 13, 2012.  Thus, the false arrest claim must be dismissed.  In the alternative, and *a fortiori*, arguable probable cause existed for Plaintiff's arrest, and the officers are entitled to qualified immunity.

## II. ALTERNATIVELY, PROBABLE CAUSE EXISTED TO ARREST PLAINTIFF BASED ON THE ACTIVE WARRANT IN THE A.D.W. SYSTEM FROM A SEPARATE CRIMINAL MATTER.

Plaintiff challenges the officers reliance on the ADW system, which indisputably showed that plaintiff was the subject of a bench warrant on May 22, 2014.  (Opp. Br., at II & J.S.F., at ¶ 16).  First, Plaintiff argues that Det. Greany was not aware of the outstanding warrant in ADW when plaintiff was arrested.  Second, Plaintiff argues that the warrant was so old, and the ADW

system so unreliable, as to render it unreasonable for officers to rely upon it.

Plaintiff's first argument is contradicted by the previously stipulated fact that "the ADW computer check conducted by Detective Greany on May 20, 2014[, two days before plaintiff was arrested,] indicated that there was an active warrant for plaintiff's arrest." (J.S.F., at ¶ 16).[1]

Further, Plaintiff highlights that Det. Monge did not independently run a warrant check. However, plaintiff does not dispute that Det. Greany ran the warrant check, and that Plaintiff appeared to have a warrant, means that Det. Monge was entitled to rely on the information obtained by Det. Greany.  *United States v. Colon*, 250 F.3d 130 (2d Cir. 2001) (describing that officers are entitled to rely on other officers for information in charging individuals). Therefore, Plaintiff's argument fails because the only admissible evidence demonstrates that Det. Greany was aware of the warrant in the days leading up to Plaintiff's arrest, and that to the extent that Det. Monge did not run his own warrant check, he was entitled to rely on the one completed by Det. Greany.

Plaintiff's next argument is that because of the "widely publicized" issues regarding retention of vacated warrants in the ADW system, and the fact that it had been nearly three years since the issuance of the bench warrant,[2] defendants should not have relied upon the warrant. Plaintiff states that officers should be aware of ADW's false-positive results during warrant searches based on a single case referencing a New York Daily News article.  (Opp. Br., at Sec. II, p. 15). However, that case does not stand for the proposition that ADW actually had

---

[1] Plaintiff attempts to argue that Det. Greany's deposition provides proof that when Plaintiff was arrested he had no idea that the warrant existed, despite having discovered that very warrant less than two days before the arrest.  (*Id.*) Plaintiff argues this based on a single question asked of Det. Greany at his deposition in which he stated that he was not "made aware" of any additional bases to arrest plaintiff; however, the preceding question was inadmissibly vague and confusing and objected to at that time on the record, and therefore the answer cannot be used here. (Pl. Ex. C, p. 20: 5-21). *See*, Local Rule 56.1; Fed. R. Civ. P. 56(c)(2) (inadmissible evidence and testimony is not to be considered in opposition or support for summary judgment).

[2] Plaintiff incorrectly asserts that it had been more than four years since the warrant was issued.  (Opp. Br., at Sec. II, p. 14).

significant problems, rather, it simply stated that in the motion to dismiss context, accepting plaintiff's allegations as true, plaintiff's reliance on the article was an appropriate method to state a claim for municipal liability under 42 U.S.C. § 1983. *Gonzalez v. City of New York*, 2016 U.S. Dist. LEXIS 177820, at *22-25 (S.D.N.Y. Dec. 2, 2016). The case did not hold that the ADW system was inadequate or that police officers should not rely on it. *Id.* Further, the mere fact that a warrant is three years old, does not render it invalid; a warrant remains valid until it is vacated by the Court. *See*, *e.g.*, *People v. Harper*, 137 Misc. 2d 357, 368, 520 N.Y.S.2d 892, 900 (Crim Ct. 1987) ("[a] bench warrant, like an ordinary arrest warrant, but unlike a search warrant, does not have a limited lifespan").

Because the officers were properly relying on an automated warrant database, and because bench warrants never expire, there was probable cause to arrest plaintiff on May 22, 2014. *See*, U*nited States v. Miller*, 265 Fed. Appx. 5, 7 (2d Cir. 2008) ("[W]hen an officer learns from a computer database…that a person is the subject of an outstanding arrest warrant, probable cause exists to arrest that person"); *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (probable cause may be found for an offense other than that charged).

Finally, Plaintiff argues that even if the warrant were proper to be relied on, it would only justify an investigatory stop. (Opp. Brief, at Sec. II, p. 15). This argument is frivolous. Plaintiff conflates a situation where an officer has only a belief that a warrant exists, that officer may stop an individual for the amount of time necessary to confirm its existence, *see*, *e.g.*, *Crenshaw v. City of Mount Vernon*, 372 F. App'x 202, 206-07 (2d Cir. 2010); however, an officer who has already confirmed the existence of a warrant has probable cause for arrest. *United States v. Towne*, 870 F.2d 880, 884 (2d Cir. 1989); *see also, Arizona v. Evans*, 514 U.S. 1, 15-16 (1995) (police officer reliance on police computer record was reasonable even though the outstanding

5

warrant on which the officer arrested the defendant was the result of a clerical error).

Therefore, Plaintiff's argument that the passage of time and ADW systems flaws rendered the officers' reliance on it unreasonable also fails, and probable cause existed at the time of Plaintiff's arrest on May 22, 2014 based on the warrant that the ADW system showed was active at that time. At the very least, defendant officers are entitled to qualified immunity, as continuing to detain someone for arraignment on a warrant in reliance on the statewide ADW system was not clearly unconstitutional on May 22, 2014.

## III. PLAINTIFF'S CLAIM FOR EXCESSIVE DETENTION FAILS, AS HE WAS IN CUSTODY FOR LESS THAN 48 HOURS, AND ALLEGES NO IMPROPER MOTIVE

Plaintiff also brings a claim for excessive detention, as a result of Plaintiff spending a little over 40 hours in custody. (Opp. Br., at ¶ III; J.S.F., at ¶ 25). Plaintiff argues in his opposition that the 48-hour outer limit defined by the Supreme Court does not preclude a claim for excessive detention for less time. *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). [3]

Plaintiff cites several cases in furtherance of his argument that 40 hours may lead to an excessive detention claim; however, plaintiff overlooks a key element in all of the cases permitting an excessive-detention claim for less than 48-hours: an improper motive. *E.g.*, *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 191 (S.D.N.Y. 2001) (27 hours held to be excessive where retaliatory animus alleged); "*Richardson v. Providence*, No. 09-CV-4647, 2012 U.S. Dist. LEXIS 49068 (E.D.N.Y. Apr. 6, 2012) (hour and a half detention *due to ill will or for delay's sake* states a claim for excessive detention)" (Opp Br., at Sec. III, p. 17) (emphasis added); *Chunyu Jean Wang v. Vahldieck*, No. 09-CV-3783 (ARR) (VVP), 2012 U.S. Dist. LEXIS 3763,

---

[3] Plaintiff devoted a large portion of his argument in the false arrest section to the fact that the district attorney informed Det. Monge that Plaintiff would not be prosecuted for the robbery while he was still at the 40th Precinct. However, there can be no false arrest claim made at this point, as Plaintiff's arrest was already effectuated. As a result, this argument is considered here in the excessive pre-arraignment detention section and fails for the reasons specified *infra*.

at *29 (E.D.N.Y. Jan. 9, 2012) (24 hours may be unreasonable where release was intentionally delayed solely to inconvenience plaintiff); *Davis v. City of Detroit*, 1999 U.S. App. LEXIS 32169 (6th Cir. 1999) (35 hour delay may be unreasonable when the delay was attributed to officers desire to punish alleged domestic violence perpetrators).[4]

Plaintiff alleges no improper motive here, rather he merely alleges officers relied unreasonably on a three year old warrant in the statewide ADW database after the district attorney declined to prosecute the attempted robbery. (Opp. Br., at § III, at 15-17). However, the existence of the earlier warrant justified that continued detention, and because there was no improper motivation here, *e.g.* harassment, the presumptive rule of *McLaughlin* applies, and Plaintiff's 40 hour detention was reasonable. *McLaughlin*, 500 U.S., at 44.

Additionally, Plaintiff grossly mischaracterizes the testimony of Theresa Andrades-Harper in attempting to assert that central booking officers were aware of the fact that Plaintiff did not have an outstanding warrant 15 hours before his release. (Opp. Br., § III, at p. 18). Plaintiff claims that the warrant check came back with "neg. results." (Opp. Br., § III, at p. 18). However, both Ms. Harper, and Sgt. Doiley, her supervisor, testified that a warrant was found, and that the "neg. results" were in reference to unrelated "NYSID and name check" searches. (Pl. Ex. I, at p. 23 ("According to this form, you do a warrant check at 8:37 a.m., you found a warrant, correct?[;] A. Correct."); Declaration of Peter W. Brocker in Support of Defendants' Motion for Summary Judgment ("Brocker Decl."), Exhibit A, at p. 27:4- 29:2 (NYSID and Name Check results with negative results have no relation to a warrant check); Brocker Decl., Ex. B, at p. 37:21- 39:17 (NYSID and Name Check searches have nothing to do with warrant searches, but PAA Harper did separate warrant check and found one outstanding). Officers at

---

[4] Plaintiff's citation to *Farr v. Paikowski*, No. 11 Civ. 789, 2013 U.S. Dist. LEXIS 5978, at *21 (E.D. Wis. Jan. 14, 2013) is inapposite, as the plaintiff was never meant to be arrested, but was held to gather evidence on another individual, which in any event would still amount to an improper purpose.

central booking continued to believe that an active warrant existed until his release at approximately 11:45 p.m.

Therefore, Plaintiff's excessive-detention claim fails, because the officers were justified in holding him for arraignment on an apparently active warrant in the state ADW database.  At the very least, defendants are entitled to qualified immunity, because it was not clearly established on May 22, 2014, that it was unconstitutional to detain someone for 40 hours in reliance on a computerized warrant database.

## IV.   THE COURT SHOULD DISMISS OR DECLINE JURISDICTION OVER PLAINTIFF'S ADDITIONAL STATE LAW BASED CLAIMS

To the extent that the Court finds merit in plaintiff's claims founded upon state law, and to the extent that they were not abandoned by Plaintiff in failing to address them in his opposition to Defendant's Motion for Summary Judgment, the Court should decline to assert its supplemental jurisdiction over them.

## CONCLUSION

For the foregoing reasons, defendants City of New York, Michael Greaney, Frank Monge and Jose Chevere respectfully request that the Court grant their motion for summary judgment pursuant to Fed. R. Civ. P. 56 together with such costs, fees and further relief as the Court deems just and proper.

Dated:         New York, New York
               April 20, 2017

                             ZACHARY W. CARTER
                             Corporation Counsel of the
                             City of New York
                             Attorney for Defendants City of New York,
                             Michael Greaney, Frank Monge and Jose Chevere
                             New York, New York 10007
                             (212) 356-2332


                             By:_____/s//_____
                                  Peter W. Brocker
                                  *Assistant Corporation Counsel*

9